UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSE W. KIRBY,<br><br>Defendant(s). | Case No. 4:20-cr-00034-BLW-4<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Jesse W. Kirby's motion to correct and reduce sentence. (Dkt. 183.) For the reasons discussed below, the Court will grant the motion and reduce Kirby's term of imprisonment from 110 months to 91 months.

## BACKGROUND

Kirby was initially arrested in connection with the conduct charged in this case on January 31, 2020. At the time of his arrest, he was on parole in a state case—Bonneville County Case No. 2016-3866—and was detained by the state on charges of parole violation.

Kirby was charged in the present case by superseding indictment on February 25, 2020. (Dkt. 19.) He was arraigned on May 28, 2020, and ordered

detained (Dkt. 42).

Kirby ultimately pled guilty to Count Eight of the superseding indictment. On September 22, 2021, he was sentenced to 110 months of imprisonment to run concurrent to imprisonment in the state parole violation case. (Dkt. 154.) The Court recommended that Kirby be paroled by the Idaho Parole Commission to the federal sentence "almost immediately," and also recommended to the Federal Bureau of Prisons that Kirby receive credit for all of his time in federal custody. (Dkt. 167 at 35, 38; *see* Dkt. 154.)

## ANALYSIS

On February 28, 2022, Kirby filed a motion to correct and reduce sentence to give him credit for time served since his arrest on January 31, 2020. (Dkt. 183.) He has provided information demonstrating that the Federal Bureau of Prisons will not credit him for the time he spent in custody prior to sentencing. (Dkts. 183, 197.)The Government does not oppose the motion. (Dkt. 191.)

The Court's calculations show that Kirby spent approximately 19 months in custody prior to his September 22, 2021, sentencing.[1] In imposing the 110 month

---

[1] The time in custody between Kirby's arrest on January 31, 2020, and the September 22, 2021, sentencing, is 19 months and 22 days. The time in custody between Kirby's February 25, 2020, indictment and the September 22, 2021, sentencing is 18 months and 28 days. The time between Kirby's May 28, 2020, initial appearance and arraignment in the present case and his September 22, 2021, sentencing is 15 months and 25 days.

sentence, the Court anticipated that Kirby would be eligible to receive credit for all of the time he spent in federal custody. That turns out not to be true. (*See* Dkt. 197 (Bureau of Prisons records showing that Kirby has 0 days credit prior to sentencing).) The Court will therefore exercise its authority under Federal Rule of Criminal Procedure 36 to correct Kirby's sentence.

> Section 5G1.3(d) of the Sentencing Guidelines provides:
>
> In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

USSG § 5G.3(d). The commentary to § 5G1.3(d) provides the following guidance:

> [I] n an extraordinary case involving an undischarged term of imprisonment under subsection (d), it may be appropriate for the court to downwardly depart. This may occur, for example, in a case in which the defendant has served a very substantial period of imprisonment on an undischarged term of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense. In such a case, a downward departure may be warranted to ensure that the combined punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencings. Nevertheless, it is intended that a departure pursuant to this application note result in a sentence that ensures a reasonable incremental punishment for the instant offense of conviction.

USSG § 5G1.3(d), comment. (n.4(E)).

Here, the Court ordered the sentence in the present case to run concurrent to the state parole violation case. Kirby spent a substantial period of time—

**MEMORANDUM DECISION AND ORDER - 3**

approximately 19 months—in state custody while the present case was pending. The Bureau of Prisons is not giving Kirby credit for that time.

The Court finds, under these circumstances, that a 19-month departure in the sentence, from 110 months to 91 months, is appropriate to account for the time Kirby spent in custody while the charges in the present case were pending against him. The Court further finds that this 19-month adjustment would result in a sentence that ensures a reasonable incremental punishment for the instant offense of conviction.

## ORDER

**IT IS ORDERED** that Defendant Jesse Kirby's motion to correct and reduce sentence (Dkt. 183) is GRANTED. Defendant's term of incarceration is reduced from 110 months to 91 months.

**IT IS FURTHER ORDERED** that, in light of this reduction in sentence, the Court no longer recommends that Defendant receive credit for time served prior to sentencing.

DATED: September 7, 2022

B. Lynn Winmill
U.S. District Court Judge